UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TRUSTEES OF THE TEAMSTERS LOCAL 631 SECURITY FUND FOR SOUTHERN NEVADA,<br><br>                Plaintiffs,<br><br>vs.<br><br>DARRELL L. BEAVERS, et al.,<br><br>                Defendants. | Case No. 2:13-cv-00824-GMN-NJK<br><br>**ORDER** |

Before the Court is Plaintiffs' Motion for Extension of Time for Service of Process, Docket No. 27, and Plaintiffs' Motion for Service by Publication, Docket No. 28. The Court has reviewed the materials presented and finds a hearing on the motions unnecessary. *See* Local Rule 78-2. For the reasons discussed below, the applications are hereby **GRANTED**.

## BACKGROUND

On May 10, 2013, the Security Fund filed its Complaint against certain participants in the Security Fund. *See* Complaint, Docket No. 1. According to the Security Fund, it paid benefits on behalf of Defendants' dependants, but after a comprehensive audit, it discovered that Defendants had failed to provide documents to verify their dependents. *Id*.

The Security Fund represents that it promptly began to attempt service on all Defendants. *See* Motion to Extend, Docket No. 27, at 2. The Security Fund first turned to its internal records which contain last known addresses for Defendants. *Id*. However, if the Security Fund was unable to locate

certain defendants at those addresses, the Security Fund's counsel's librarians ran comprehensive person searches on each of the defendants. *Id*. The person searches consisted of searching multiple databases, including, but not limited to: possible properties owned; phone directories; motor vehicles registered; criminal records; voter registration information; and various permit applications. *Id*. The librarians also cross-referenced person search reports from two different vendors: Westlaw and Lexis. *Id*. Despite these efforts, the Security Fund has been unable to locate and serve Defendants Phillip Clough, Kevin Gavette, Shaun Upson, and Christopher Schenck. *Id*.

## DISCUSSION

**A.     Extending Service Period**

Rule 4(m) of the Federal Rules of Civil Procedure provides that a defendant must be served within 120 days after a complaint is filed. Fed.R.Civ.P. 4(m). The rule also provides that if service is not timely made, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time....If the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id*. "As a general matter, a showing of good cause requires more than simple inadvertence, mistake of counsel, or ignorance of the Rules of Civil Procedure." *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Monroe*, 2011 WL 383807, *1 (D. Nev. Feb. 2, 2011); *citing e.g., Martin v. Longbeach*, 246 F.3d 674 (9th Cir.2000); *McGuckin v. Smith*, 974 F.2d 1050 (9th Cir.1992) (overruled on other grounds by *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir.1997)). "At a minimum, good cause means excusable neglect. A plaintiff may also be required to show the following: (a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Id*.; *Martin*, 246 F.3d at 674. Here, the Security Fund has diligently attempted service upon Defendants Phillip Clough, Kevin Gavette, Shaun Upson, and Christopher Schenck, and the inability to serve Defendants Phillip Clough, Kevin Gavette, Shaun Upson, and Christopher Schenck is beyond the Security Fund's control. Defendants will not be prejudiced by this extension of time. Therefore, the Court finds that good cause exists to extend the time for service an additional 90 days from the date of this order to allow the Security Fund to serve Defendants Phillip Clough, Kevin Gavette, Shaun Upson, and Christopher Schenck.

**B.    Service by Publication**

Rule 4(e)(1) of the Federal Rules of Civil Procedure provides for service upon individuals who may be served "pursuant to the law of the state in which the district court is located, or in which service is effected." *Id*. In Nevada, Rule 4 of the Nevada Rules of Civil Procedure ("NRCP") governs service of parties under state law. *Nat'l Union Fire,* 2011 WL 383807. Parties are required to personally serve summons and the complaint upon defendants; however, when personal service proves impossible, NRCP 4(e)(1)(i) provides that a party may move for service by publication when the opposing party "resides out of the state, or has departed from the state, or cannot, after due diligence be found within the state, or conceals himself to avoid the service of summons." *Id*.

"A party seeking service by publication must seek leave of court by filing an affidavit demonstrating its due diligence in attempting to personally serve the defendant. There are several key factors Nevada courts look to in evaluating a party's due diligence in effecting service." *Id*. Nevada courts principally consider the number of attempts made by a plaintiff to serve a defendant at his or her residence and other methods of locating defendants, such as consulting public directories and family members. *Id*.; *citing Price v. Dunn*, 787 P.2d 785, 786-7 (Nev. 1990), *rev'd on other grounds*, *NC-DSH, Inc. v. Garner*, 125 Nev. 647, 651 n.3 (2009); *Abreu v. Gilmer*, 985 P.2d 746, 747 (Nev. 1999); *McNair v. Rivera*, 874 P.2d 1240, 1241 (Nev. 1994).

In *Price*, the Nevada Supreme Court found service by publication was not warranted, stating "where other reasonable methods exist for locating the whereabouts of a defendant, plaintiff should exercise those methods." 787 P.2d at 786-7. There, the plaintiff contacted the defendant's stepmother, and upon hearing that the defendant lived out of state, moved for service by publication. *Id*. at 105. The *Price* court held that, "although [plaintiff's] affidavit technically complies with NRCP 4(e)(1)(i), her actual efforts, as a matter of law, fall short of the due diligence requirement to the extent of depriving [defendant] of his fundamental right to due process." *Id*.

On the other hand, in *Abreu*, the Nevada Supreme Court determined that plaintiff exercised due diligence in attempting service and could resort to service by publication. 985 P.2d at 747. There, the plaintiff had attempted to serve the defendant at his possible address on three occasions and had consulted telephone company directories to locate the defendant. *Id*. By contrast, in

*McNair*, the Nevada Supreme Court held that the plaintiff's seven attempts to serve the defendant at defendant's residence did not meet the due diligence standard. 874 P.2d at 1241. Plaintiff also tried to serve the defendant at a court hearing but was unsuccessful because the defendant failed to appear. *Id*. The court ruled that because plaintiff only attempted to serve defendant once during the second extension of time to effect service, service by publication was not warranted. *Id*.

      Here, the Security Fund has attempted to serve Defendants Phillip Clough, Kevin Gavette, Shaun Upson, and Christopher Schenck at various addresses. Moreover, the Security Fund's counsel attempted to find Defendants Phillip Clough, Kevin Gavette, Shaun Upson, and Christopher Schenck by utilizing comprehensive person searches and reports from two different vendors. The process server made personal contact with all possible listings within the database for Defendants Phillip Clough and Shaun Upson. Persons residing at each of those listings indicated that Defendants were not known. In regards to Defendant Keven Gavette, the process server made personal contact at two of the possible addresses, both of which were unsuccessful, and visited the third possible address on four occasions. The process server left a notice on the door, which notice was never removed nor responded to. As for Defendant Christopher Schenck, the process server visited three addresses. At the first, a 12-year old male resident indicated that Schenck did not live at that address and was not known. At the second address, the process server visited three times and posted three different delivery notices all of which were removed, but never responded to. Finally, the process server visited the third address three times, spoke to neighbors who stated they did not know who lived at the address, and posted a delivery notice that never received a response. Clark County Assessor records showed that Schenck foreclosed on the home in 2008. It is apparent that the Security Fund's process server has made a good faith effort to locate Defendants Phillip Clough, Kevin Gavette, Shaun Upson, and Christopher Schenck without success, and therefore, may resort to service by publication.

. . .

. . .

. . .

. . .

## **CONCLUSION**

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED that Plaintiffs' Motion for Extension of Time for Service of Process (#27) is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Service by Publication (#28) is GRANTED.

DATED: September 9, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge