UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TRUSTEES OF THE TEAMSTERS LOCAL 631 SECURITY Fund FOR SOUTHERN NEVADA, <br><br> Plaintiff(s), <br><br> vs. <br><br> DARRELL L BEAVERS, et al., <br><br> Defendant(s). | 2:13-cv-00824-GMN-NJK <br><br> **REPORT & RECOMMENDATION** |

Before the Court is Plaintiffs' Motion for Default Judgment Against Defendant Antonio Quiroz (Docket No. 20).

**I.    BACKGROUND**

This case arises out of Defendant Antonio Quiroz's enrolling for health benefits in the Teamsters Local 631 Security Fund of Southern Nevada (the "Fund") health and welfare Plan (the "Plan"). When he enrolled, Defendant Quiroz indicated that Andrew Quiroz and Antonio Quiroz were his children and therefore eligible for benefits under the terms of the Plan. Accordingly, the Fund paid $11,982 in health and welfare payments on behalf of Andrew and Antonio Quiroz.

Plaintiff contends that Defendant Quiroz later failed to respond to multiple requests from an independent firm hired by the Fund to verify the eligibility of Andrew and Antonio Quiroz. As a result, Andrew and Antonio Quiroz's benefits were suspended and their eligibility was terminated pursuant to the terms of the Plan. Further, under the terms of the Plan, if the Plan pays benefits on behalf of the dependent that is later found not to be eligible for benefits, the

1  participant is required to promptly reimburse the Plan in full. Accordingly, Plaintiffs assert that
2  Defendant Quiroz must reimburse the Fund for the $11,982 in health and welfare payments made
3  on behalf of Andrew and Antonio Quiroz.

4  On May 10, 2013, Plaintiff fileds a complaint against Defendant Antonio Quiroz. Docket
5  No. 1. Defendant Quiroz was served with a copy of the summons and complaint at his place of
6  residence on June 25, 2013. Docket No. 17. The summons was returned as executed to the Court
7  on July 3, 2013. *Id*. Defendant Quiroz was given until July 16, 2013, to answer the complaint. *Id*.
8  To date, Defendant Quiroz has not appeared in this action.

9  On July 17, 2013, Plaintiff moved for entry of clerks default as to Defendant Quiroz.
10 Docket No. 18. The Clerk entered default against Defendant Quiroz the follwing day. Docket
11 No. 19. Subsequently, on August 8, 2013, Plaintiffs filed the present motion seeking default
12 judgment against Defendant Quiroz. Docket No. 20.

13 **II.    LEGAL STANDARD**

14 Pursuant to Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a
15 judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure
16 is shown by affidavit or otherwise, the clerk must enter the party's default." Fed.R.Civ.P. 55(a).
17 Federal Rule of Civil Procedure 55(b)(2) provides that "a court may enter a default judgment
18 after the party seeking default applies to the clerk of the court as required by subsection (a) of
19 this rule." Fed.R.Civ.P. 55(b)(2).

20 On July 18, 2013, the Clerk entered default against Defendant Quiroz for his failure to
21 plead or otherwise defend the instant lawsuit. Docket No. 19. Pursuant to Federal Rule of Civil
22 Procedure 55(b)(2), Plaintiffs now ask this court to enter default judgment against Defendant
23 Quiroz.

24 The choice as to whether a default judgment should be entered is at the sole discretion of
25 the trial court. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). A defendant's default
26 alone does not entitle a plaintiff to a court-ordered judgment. *See id.* Instead, the Ninth Circuit
27 has determined that a court should look at seven discretionary factors before rendering a decision
28 on default judgment. *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). These factors

are: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Id*. In applying these *Eitel* factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977); *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987); *see* Fed.R.Civ.P. 9(b).

The plaintiff is required to prove all damages sought in the complaint, and those damages may not "differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed.R.Civ.P. 54(c). If sufficiently documented and detailed, damages claims may be fixed by an accounting, declarations, or affidavits. *See James v. Frame*, 6 F.3d 307, 310 (5th Cir.1993).

### III.     DISCUSSION

#### A.     Default Judgment

The first *Eitel* factor favors default judgment. Plaintiffs may be prejudiced if the terms of the Plan were not enforced because Quiroz obtained the benefits on behalf of Andrew and Antonio Quiroz by potentially misrepresenting their status as his dependents by failing to verify their eligibility. Further, Plaintiffs have no other recourse to recoup damages caused by Defendant and prevent Defendant from further infringement. *See Adobe Sys. Inc. v. Marmeletos*, 2009 WL 1034143 at *3 (N.D.Cal. Apr. 16, 2009). Defendant has not answered or otherwise responded to the complaint. If Plaintiffs' motion for default judgment is not granted, Plaintiffs "will likely be without other recourse for recovery." *PepsiCo, Inc. v. Cal. Security Cans*, 283 F.Supp.2d 1127, 1177 (C.D.Cal. 2002).

The second and third *Eitel* factors favor a default judgment where the claims are meritorious and the complaint sufficiently states a claim for relief. *See Cal. Security Cans*, 238 F.Supp.2d at 1175; *Danning v. Lavine*, 572 F.2d 1386, 1388–89 (9th Cir. 1978)). Plaintiffs' complaint states a plausible claim for relief. *See* Docket No. 1, at 10-11. Further, Plaintiffs' complaint is well pleaded as it identifies Defendant, enumerates Plaintiffs' rights, describes the

1  payments that were mistakenly made due to Defendant's potential misrepresentations and failure
2  to verify eligibility in accordance with the terms of the Plan, and sets forth a proper cause of
3  action for Defendant's conduct. *Id*.

4  Under the fourth *Eitel* factor, the court considers the amount of money at stake in relation
5  to the seriousness of Defendant's conduct. *See Cal. Security Cans*, 238 F.Supp.2d at 1176. The
6  sum in controversy is $11,982 based on Defendant's potential misrepresentations and his failure
7  to follow the terms of the Plan. Thus, this factor favors default judgment.

8  The *fifth* Eitel factor also favors default judgment. Given the sufficiency of the complaint,
9  the terms of the Plan and Defendant's failure to verify the eligibility of Andrew and Antonio
10 Quiroz, "no genuine dispute of material facts would preclude granting [Plaintiffs'] motion." *Cal.*
11 *Security Cans*, 238 F.Supp.2d at 1177. Defendant did not answer the complaint, thus "the factual
12 allegations of the complaint ... will be taken as true." *Geddes*, 559 F.2d at 560.

13 Applying the sixth factor, the court cannot conclude that Defendant's default is due to
14 excusable neglect. Defendant was properly served with a summons and the complaint. Docket
15 No. 17. Defendant's failure to respond or litigate this case cannot be attributable to excusable
16 neglect. *United States v. High Country Broadcasting Co., Inc*., 3 F.3d 1244, 1245 (9th Cir. 1993)
17 (holding that it was "perfectly appropriate" for the district court to enter default judgment against
18 a corporation that failed to appear in the action through licensed counsel).

19 The final *Eitel* factor weighs against default judgment. "Cases should be decided upon
20 their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. But the mere existence of
21 Rule 55(b) "indicates that this preference, standing alone, is not dispositive." *Cal. Security Cans*,
22 238 F.Supp. at 1177 (citation omitted). Moreover, Defendant's failure to answer or otherwise
23 respond to the complaint "makes a decision on the merits impractical, if not impossible." *Id*.

24 Having reviewed plaintiffs' motion and the evidence previously submitted in this case,
25 and having considered the *Eitel* factors as a whole, the Court concludes that the entry of default
26 judgment is appropriate against Defendant Quiroz. The Court now turns to the reasonableness of
27 the damages and relief sought in the default judgment.
28 . . .

### B.     Damages

Once liability is established in a default situation, a plaintiff must then establish that the requested relief is appropriate. *Geddes*, 559 F.2d at 560. ERISA explicitly provides for the recovery of unpaid contributions, interest on the unpaid contributions, liquidated damages, attorneys' fees and costs, and other relief deemed appropriate. 29 U.S.C. § 1132(g)(2). Plaintiffs have adequately pled and shown $11,982 in erroneously paid benefits and $1,293.00 in attorneys' fees and costs as discussed below. Thus, the total amount of damages is $13,275.

### C.     Past Attorneys' Fees and Costs

In this Circuit, the starting point for determining reasonable fees is the calculation of the "lodestar," which is obtained by multiplying the number of hours reasonably expended on litigation by a reasonable hourly rate. *See Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997). In calculating the lodestar, the Court must determine a reasonable rate and a reasonable number of hours for each attorney. *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir.1986), reh'g denied, amended on other grounds, 808 F.2d 1373 (9th Cir.1987).

Here, Plaintiffs have requested that the Court find $3,054.00 in attorneys' fees for 11.6 hours of work at a rate of $270.00 - $250.00 per associate hour to be reasonable. *See* Affidavit of Bryce C. Loveland, Docket No. 20, at 10-12; *see also* Invoice, Docket No. 20, at 18-25. Plaintiffs have assigned a *pro rata* share of the general litigation costs to Defendant Quiroz and have assigned him the complete attorneys' fees for the work performed specific to him. Thus, Plaintiffs seeks a total of $1,293 in past attorneys' fees and costs from Defendant Quiroz. The Court finds the rate, the time spent, and the *pro rata* determination to be reasonable and recommends that Plaintiff's' past attorneys' fees be awarded in full.

### D.     Anticipated Attorneys' Fees and Costs

Plaintiffs state that they "anticipates to incur an additional $2,500 in executing on the Judgment." Docket No. 10, at 5. Accordingly, Plaintiffs requests that the Court enter judgment for the additional $2,500 in anticipated costs and fees. *Id*.  Plaintiffs have not, however, cited to a single authority indicating that anticipated costs and fees are appropriate part of judgment. Accordingly, this request should be denied.

- 5 -

1  **IV.     CONCLUSION**

2           Based on the foregoing, and good cause appearing therefore,

3           IT IS THE RECOMMENDATION of the undersigned United States Magistrate Judge

4  that Plaintiffs' Motion for Default Judgement Against Defendant Antonio Quiroz (Docket No.

5  20) be GRANTED in part in accordance with this Report and Recommendation.

6           IT IS THE FURTHER RECOMMENDATION of the undersigned United States

7  Magistrate Judge that this Court award Plaintiffs a total of $11,982 in damages and $1,293 in

8  attorney's fees and costs.

9           DATED this __6th__ day of January, 2014.

10

11

12                                          _____
                                            NANCY J. KOPPE
13                                          United States Magistrate Judge

14
                                     **NOTICE**
15
           Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must
16
be in writing and filed with the Clerk of the Court within 14 days of service of this document.**
17
The Supreme Court has held that the courts of appeal may determine that an appeal has been waived
18
due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142
19
(1985).  This circuit has also held that (1) failure to file objections within the specified time and (2)
20
failure to properly address and brief the objectionable issues waives the right to appeal the District
21
Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951
22
F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir.
23
1983).
24

25

26

27

28